IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


| | | |
|---|---|---|
| REGULA J. HERNANDEZ,  #22325-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:18cv211 |
| | § | CRIMINAL ACTION NO. 4:15cr195(2) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Movant Regula Jaime Hernandez's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.  After due consideration of Movant's § 2255 motion and the Government's response, the Court will deny the motion for the reasons discussed below.

## I.  BACKGROUND

A federal grand jury returned an indictment against Movant and five co-defendants. Movant's first attorney, Kirk Lechtenberger, asked to withdraw as counsel based on a deterioration of the attorney-client relationship.  On June 30, 2016, the Court granted the motion to withdraw, noting that Movant did not oppose the withdrawal and that the relationship had deteriorated to such an extent that Movant and Lechtenberger were unable to communicate effectively.  Crim. ECF Dkt. #120. Accordingly, on July 7, 2016, the Court appointed Rafael De La Garza.

The record shows that Movant signed a written plea agreement pursuant to Fed. R. Crim. P. 11( c)(1)( C) in which she pled guilty to conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846.  In her plea agreement, Movant agreed that the appropriate sentence for her offense is 160 months of imprisonment.

On September 9, 2016, Movant appeared before United States Magistrate Judge Christine A. Nowak at a change of plea hearing and entered a plea of guilty.  The Court accepted Movant's guilty plea, finding that Movant was competent to plead, that she had assistance of counsel, and that she had been advised and understood her trial rights.  The Court further found that Movant had been advised and understood the nature of the charges pending against her, the maximum range of penalties and consequences, and that the Sentencing Guidelines are merely discretionary.  Finally, the Court found Movant's guilty plea to be knowing and voluntary and that there is a factual basis to support her guilty plea.  Crim. ECF Dkt. #285.  In addition to her plea agreement, Movant signed a Factual Basis in which she admitted that she supplied co-conspirators with multi-gram quantities of methamphetamine imported from Mexico and distributed to other co-conspirators and co-defendants during the term of the conspiracy, of which she was a leader.  Crim. ECF Dkt. #167.  On April 25, 2017, the District Court accepted the plea agreement and sentenced Movant to 160 months' imprisonment.

On April 5, 2018, Movant filed the instant § 2255 motion.  In her motion, she claims she is entitled to relief based on numerous claims of ineffective assistance of counsel.  The Government filed a response, asserting Movant fails to show she is entitled to any relief.

## II.  STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992).  A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow.  A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the

other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*).  A

collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United*

*States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  Conclusory allegations, which are unsupported

and unsupportable by anything else contained in the record, do not raise a constitutional issue in a

habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts she is entitled to relief based on ineffective assistance of counsel.  A

convicted defendant's claim that counsel's assistance was so defective as to require reversal of a

conviction requires the defendant to show the performance was deficient and the deficient

performance prejudiced the defense so as to deprive the defendant of a fair trial.  *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient

performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700.  A movant who

seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his

entitlement to relief by a preponderance of the evidence.  *James v. Cain*, 56 F.3d 662, 667 (5th Cir.

1995).   The standard requires the reviewing court to give great deference to counsel's performance,

strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690.

The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to

reasonably effective assistance.  *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S.

at 694.  Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove

the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

**A.      Incapacitation**

Movant claims Counsel was ineffective for failing to establish that she was incapacitated to plead guilty.  Specifically, Movant claims she did not understand the consequences of her guilty plea because her 27-year-old daughter had just passed away.  Likewise, she claims that Counsel was ineffective for failing to object concerning her inability to understand the consequences of her guilty plea because of her daughter's death.

The record shows that Movant's guilty plea was signed in June of 2016, and her plea hearing was conducted in September of 2016.  A review of the Pre-Sentence Report ("PSR") shows that Movant's daughter died in February of 2017 – five months after Movant's plea hearing.  Crim. ECF Dkt. #259.  Thus, the record contradicts Movant's assertions.  Furthermore, at her plea hearing, Movant stated she was not under a doctor's care or on any medication, that she understood everything that occurred at the hearing, and that she understood the consequences of her guilty plea.  Crim. ECF Dkt. #285.   Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Any argument trial counsel would have advanced in this vein would have been frivolous.  Counsel cannot be held to be ineffective for failing to argue frivolous claims. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  These issues are without merit.

**B.      Counsel's Withdrawal**

Movant next argues that Counsel failed to ask the Court to state the reason for which her paid attorney (Lechtenberger) was dismissed from her case.  This claim is disingenuous as the record shows that Movant agreed with her first attorney's withdrawal from the case.  After conducting a hearing on the motion to withdraw, the Court stated in its Order, "Defendant has articulated that she

does not oppose her counsel's request to withdraw and concurs that the relationship between herself

and counsel has deteriorated such that she and her counsel are unable to effectively communicate."

Crim. ECF Dkt. #120.  Movant knows the reasons for her first attorney's withdrawal.  Furthermore,

Movant fails to show how Counsel's alleged error affected her constitutional rights.  This claim is

frivolous.

**C.      Review of PSR and Obstruction of Justice Findings**

Movant also complains that Counsel failed to review her PSR with her; therefore, she

contends she was unaware that the probation office found that she had obstructed justice and thus,

increased her base offense level by two levels.  Indeed, the PSR shows that two points were added

to Movant's base offense level.  The PSR shows that Movant instructed family members in Mexico

to tell her husband, who was also a co-defendant, to stop cooperating with law enforcement because

his cooperation would affect her.  Crim. ECF Dkt. #259.  This information was obtained through

recorded phone calls from when Movant was confined at the Fannin County Detention Center.  *Id*.

First, the Court notes that Movant stated at her sentencing hearing that Counsel had reviewed

her PSR with her, that she understood it, and that it adequately and correctly covered her

background.  The record shows that Counsel filed objections to the two-level obstruction-of-justice

enhancement.  Crim. ECF Dkt. #249.  However, Counsel recognized that the 160-month sentence

that Movant agreed to in her plea agreement was far below her applicable guideline range of 292-365

months.   The two-level increase was therefore irrelevant; accordingly, Counsel stated at the

sentencing hearing that, with the agreement of Movant, the objections would be withdrawn.  Crim.

ECF Dkt. #284.  On the record, Movant stated that she had discussed the matter with Counsel and

that she agreed with withdrawing the objections.  *Id*.   This claim is frivolous.

Movant also argues that Counsel was ineffective because he told her she would be able to review her PSR before sentencing, but that she did not do so.  The record shows, however, that Movant stated at her sentencing hearing that she had reviewed a translated copy of her PSR with her attorney and fully understood its contents.  Crim. ECF DKt. #284.  She agreed that the PSR was accurate.  This issue is baseless.

Finally, Movant claims that Counsel was ineffective by not requesting separate obstruction-of-justice findings for her and her husband.  She seems to assert that her obstruction -of-justice enhancement was erroneously applied in her case because agents were confusing her husband's actions with hers.  As noted above, recorded phone calls between Movant and family members show that Movant told them to tell her husband to stop cooperating with law enforcement.  Crim. ECF DKt. #259.  Moreover, Movant's sentencing enhancement for obstruction of justice was irrelevant because she had the benefit of a 160-month sentence pursuant to her Fed. R. Crim. P. 11( c)(1)( C) agreement.  This issue is without merit.  Movant fails to show that Counsel's performance was deficient or that, but for Counsel's alleged errors, the outcome would have been different. *Strickland*, 466 U.S. at 694.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief

is in the best position to determine whether the petitioner has made a substantial showing of a denial

of a constitutional right on the issues before the court.  Further briefing and argument on the very

issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v.*

*Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on

procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should

issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find

it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case,  reasonable jurists could not debate the denial of Movant's § 2255 motion on

substantive or procedural grounds, nor find that the issues presented are adequate to deserve

encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*,

529 U.S. at 484).  Accordingly, the Court finds that Movant is not entitled to a certificate of

appealability.

### V.  CONCLUSION

In conclusion, Movant voluntarily and knowingly pled guilty.  She received the benefit of a

binding plea agreement pursuant to Fed. R. Crim. P. 11( c)(1)( C) in which she received a 160-month

sentence although her applicable guideline range was 292-365 months.  In each of her claims,
Movant fails to show that, but for Counsel's alleged deficient performance, the outcome of her case
would have been different.  *Strickland*, 466 U.S. at 694.   Movant fails to show she is entitled to
relief.

Therefore, it is **ORDERED** that Movant's motion filed pursuant to 28 U.S.C. § 2255 is
**DENIED,** and the case is **DISMISSED WITH PREJUDICE**.  A certificate of appealability is
**DENIED**.  All motions not previously ruled upon are **DENIED.**

**SIGNED this 19th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE